**KRUPP NIROSTA CO., Inc., et al. v. COE, Com'r of Patents.**

No. 6832.

United States Court of Appeals for the District of Columbia.

Decided Nov. 29, 1937.

Rehearing Denied Feb. 15, 1938.

Roberts B. Larson, of Washington, D. C., and Fritz v. Briesen, of New York City, for appellants.

R. F. Whitehead, Solicitor of Patent Office, and Paul P. Stoutenburgh, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the District Court dismissing appellants' bill, filed under section 4915, R.S., as amended, 35 U.S.C.A. § 63, seeking to authorize the issuance of a patent to appellant Krupp Nirosta Company (assignee of applicant Strauss).

The application is entitled "Austenitic Chromium-Nickel Steel Alloys" and originally the claims were for the alloy per se. Meeting with a rejection, the claims were canceled and claims for the article made of the alloy (Nos. 25, 26, 27, 28, and 29) were presented in place of them. Claim No. 26 is sufficiently illustrative, and reads as follows: "Metal articles which in their normal use are subjected to active corrosive influences, while the metal in at least a part of the article is in a condition resulting from welding or heating at ranges of approximately 600° to 900° C. without subsequent heating to substantially higher temperatures, said articles being resistant to said corrosive influences and composed of an austenitic chromium nickel steel alloy free from intercrystalline fractures and corrodible segregated carbide and containing iron, chromium, nickel, and carbon, the iron being in excess of each of the other ingredients, and the amount of carbon being not greater than 0.07%."

The disclosure relates to the well-known corrosion resisting steels comprising chromium and nickel as the essential elements in addition to iron. It is contended that where this type of alloy contains more than 0.07 per cent. of carbon and is heated to a range of 600° to 900° C., it is susceptible to destructive corrosion. Appellant Strauss claims as his discovery that in this type of steel if the carbon is kept below a critical point of 0.07 per cent. the steel may still be heated to within the above range of temperature and subjected to corrosive agents without injury.

In his testimony appellants' expert witness stated that, "prior to the filing of the Strauss application, austenitic chromium-nickel steels were common in which iron was greater than 50 per cent, chromium ranging from 15 per cent to 30 per cent, and nickel ranging from 5 per cent to 15 per cent, and these alloys were made up into articles of commerce." Upon being asked what in his view constituted the novelty of the alleged disclosure by Strauss, the expert said: "The fact that if you keep the carbon below .07 per cent and use the steel

in practical work you get away from the corrosion trouble." In other words, there is nothing new in the Strauss alloy. The references [Smith, No. 1,538,360, May 19, 1925; Everitt, (Br.) 267,024, of 1927; Terni, (Fr.) 625,055, of 1927] support this conclusion. That Smith contemplated low carbon content is we think plain. His patent is entitled "Malleable Noncorrodible Alloy," and in the specification it is stated that "when the alloy contains a low percentage of carbon, say .11 per cent to .12 per cent, the alloy is fairly malleable and *where the carbon is kept as low as 7/100 per cent to 8/100 per cent, the alloy is also easily machinable.*" (Emphasis ours.) We are convinced, therefore, that Smith's patent constitutes a disclosure of applicant's alloy. He discloses an austenitic chromium nickel steel alloy of substantially the same composition as applicant's. Everitt and Terni also show that austenitic chromium nickel steel alloys with low carbon content are old.

■ The Board of Appeals of the Patent Office, adopted "the Examiner's conclusions that since the steel is anticipated as to composition by the references * * *, patentability is not involved in forming articles of this steel and attempting to distinguish them by supposed conditions to which they will be subjected in manufacture or use."

■ Moreover, it is settled law that "a patentee is entitled to every use of which his invention is susceptible, whether such use be known or unknown to him." Potts & Co. v. Creager, 155 U.S. 597, 606, 15 S.Ct. 194, 198, 39 L.Ed. 275; Roberts v. Ryer, 91 U.S. 150, 157, 23 L.Ed. 267; Ansonia Brass & C. Co. v. Electrical Supply Co., 144 U.S. 11, 18, 12 S.Ct. 601, 36 L.Ed. 327.

■ The Board expressed the opinion "that the public is entitled to utilize the steels disclosed in the three references which anticipate applicant's proportions in manufacturing any desired articles thereof and that applicant is not entitled to claim monopoly on such articles."

We agree with the Patent Office tribunals and the court below, and therefore affirm the decree.

Affirmed.

Chief Justice MARTIN retired prior to the opinion and decision in this case and took no part therein.

Associate Justice VAN ORSDEL died prior to this decision.